

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 10, 1948

Hon. D. A. Davidson, Director
Livestock Sanitary Commission
2002 W. T. Waggoner Bldg.
Fort Worth, Texas

Opinion No. V-565.

Re: Authority of Livestock
Sanitary Commission to
purchase metal ear tags
and pay for same out of
an appropriation for dip
material and cattle mark-
ing paint.

Dear Sir:

Reference is made to your letter of April 22,
1948, which reads:

"This Commission has found it necessary in
certain phases of disease control to prop-
erly identify and designate specific ani-
mals. For this purpose there is contemplat-
ed the purchase of metal ear tags.

"There is appropriated to the Commission
for the biennium ending August 31, 1949,
five thousand dollars for dipping material
and cattle marking paint. It occurs to us
that the word material, as used in the ap-
propriation, embraces the implements or ap-
paratus necessary to do a particular thing-
this particular thing being the identifica-
tion of livestock.

"Cattle marking paint is used for temporary
identification, while the metal ear tag is a
permanent identification of an animal.

QUESTION: Can the appropriation for
dipping material and cattle
marking paint be construed
to embrace metal ear tags for

proper identification of live-
stock, and may expenditure for
such tags be made out of ap-
propriation for dipping mater-
ial and cattle marking paint?"

The appropriation to which you refer is Item
15 of the appropriation made to the Commission for the
first year of the current biennium (Acts 50th Legisla-
ture, p. 885) and reads:

"Dip Material and Cattle Marking Paint
$5000."

In Conference Opinion No. 2374, dated August
18, 1921, a former Attorney General had under consider-
ation the question of whether an appropriation made for
a specific purpose could be expended for another purpose.
The opinion held:

"It is the law of this State that no
part of the money appropriated by the Legis-
lature can be used by any person charged with
its expenditure for any purpose other than
the specific purpose named in the appropria-
tion bill.  An expenditure for a purpose oth-
er than the one for which the money was ap-
propriated would be a misapplication of pub-
lic funds.  The Comptroller would not be au-
thorized to draw his warrant on any fund for
any purpose except the purpose named in the
Act, and the Treasurer would be without auth-
ority to honor a warrant on any fund for any
purpose except that named in the appropria-
tion bill."

We are in accord with the views expressed in
that opinion.

The Legislature is presumed to have known that
cattle branding paint and metal ear tags are used for i-
dentification purposes.  A metal ear tag cannot be class-
ified as cattle marking paint.  The Legislature specifi-
cally named such paint as one of the two purposes of the
appropriation, but did not so name metal ear tags.  It
appears to us that if it had considered such paint as a
dip material, it would not have specifically named it as

one of the purposes of the appropriation.  In view of that fact, we believe it would be a strained construction of the appropriation to hold that a metal ear tag is a "dip material."  Therefore, your question is answered in the negative.

Furthermore, you have advised us that metal ear tags are necessary in certain phases of disease control to properly identify and designate specific animals, and are used for permanent identification.  The Legislature evidently recognized this fact and appropriated to the Livestock Sanitary Commission $1,000 for each year of the current biennium for "Control of Contagious Diseases including Supplies."  (Acts 50th Leg., p. 885, Item 21). While this Item does not specifically name metal ear tags as one of its purposes, yet the language used therein is sufficient to include such tags.  In our opinion this is the proper appropriation from which expenditures may be made for metal ear tags when used for the control of contagious diseases or in aid thereof.

### SUMMARY

An appropriation made by the Legislature to the Livestock Sanitary Commission for the purchase of "Dip material and cattle marking paint" may not be legally expended for metal ear tags, for the reason such a tag is neither a dip material nor a cattle marking paint.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
    Bruce W. Bryant
    Assistant

BWB:wb

APPROVED:

ATTORNEY GENERAL